State on relation of JAMES B. CHERRY, Treasurer, &c., v. E. A. WILSON and WILLIAM WHITEHEAD.

*Plaintiff—General and Special Tax Bonds—Liability of Sureties.*

The surety upon the general tax bond of a sheriff is liable for all taxes collected whether general or special; and where there is a special tax bond executed by the sheriff, the surety upon the general bond, if the entire defalcation as to the special taxes is collected out of him, is entitled to contribution share and share alike, from the sureties on the special tax bond, as if he had signed the same.

CIVIL ACTION on an Official Bond tried at Fall Term, 1877, of PITT Superior Court, before *Cannon, J.*

The relator as Treasurer of Pitt County brought this action against Wilson, Sheriff, and Whitehead, surety, on his $21,000 general tax bond executed in 1876, and upon

the pleadings His Honor held that the bond sued on was not liable for any loss in the matter of the *special* taxes, but was liable for the sum of $5105,24 admitted to be due on account of the *general* taxes, and gave judgment accordingly, from so much of which as related to the defendant's liability for the collection of the special taxes the plaintiff appealed,

*Messrs. Jarvis & Sugg*, for plaintiff.
*Messrs. Gilliam & Gatling*, for defendants.

READE, J. There is error. The defendants are liable upon their bond of $21,000, which we will call the general tax bond, for all the taxes collected, whether general or special. The defendant surety, Whitehead, is therefore liable to the plaintiff not only for his principal's defalcation in not paying over the general taxes, but the special taxes as well. There should therefore be judgment here accordingly; but it appears that there is also a special bond for $10,000 for the collection of the special taxes to which defendant Whitehead is not surety, but other persons are. These other persons, sureties on the $10,000 bond, are jointly liable among themselves, and the defendant Whitehead is jointly liable with them for the defalcation of their principal in not paying over the special taxes, just as if Whitehead had signed the $10,000 bond with them.

So that if the whole defalcation for both general and special taxes be collected out of Whitehead in this suit, he would be entitled to contribution from the sureties on the $10,000 bond, in so far as the special taxes are concerned. And as another suit is pending before us on the $10,000 bond, and as we are informed at the bar that the object of the suits was to ascertain the liabilities of the sureties among themselves, the case will be remanded and this opinion certified, as will also be in the other case and the opinion therein, to the end that there may be judgment in this case

for the penalty of $2I,000 against the defendants to be discharged upon the payment by these defendants of the amount of defalcation in the general taxes, and a ratable part by the defendant Whitehead with the sureties on the $10,000 special tax bond for the amount of defalcation in the payment of the special taxes, share and share alike, as if Whitehead had signed the $10,000 bond with the other sureties. But the sureties to the special tax bond shall contribute nothing towards the payment of the defalcation in the general taxes. See preceding case.

　　Error.

PER CURIAM.                    Judgment reversed.